Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Melissa J. Levine
mlevine@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*POP MART Americas Inc.,*
*POP MART (Singapore) Holding Pte. Ltd. and*
*Beijing POP MART Cultural & Creative Co. Ltd.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POP MART AMERICAS INC., POP MART (SINGAPORE) HOLDING PTE. LTD. and BEIJING POP MART CULTURAL & CREATIVE CO. LTD, <br><br> *Plaintiffs* <br><br> v. <br><br> ANGEL TOY STORE STORE, ANHUI BLISS INTERNATIONAL TRADE CO.,LTD, AURORA GALAXY (SHENZHEN) CULTURE AND MEDIA CO., LTD., BAODING STAR DREAM GARDEN TRADING CO., LTD., BEIJING PDMTOY TRADING CO., LTD., CHANGSHA SPEED ZEBRA E-COMMERCE CO., LTD., CHANGZHOU CONTERCE GIFTS & CRAFTS CO., LTD., CHONGQING KALEIDOSCOPE TECHNOLOGY CO., LTD., COLORFUL JOY CASTLE TOY STORE, CRAZE TOY STORE, DEQING WINNERS XINXIN TRADING CO., LTD., DONGGUAN CHENMIAO ELECTRONICS CO., LTD., DONGGUAN DEVLLIN CRAFTS CO., LTD ., DONGGUAN HOMI E- | 25-cv-6629 (AKH) <br><br> ~~[PROPOSED]~~ <br> **PRELIMINARY INJUNCTION ORDER** |

COMMERCE CO., LTD., DONGGUAN JIAEN TECHNOLOGY CO., LTD., DONGGUAN MOYU TOYS CO., LTD., DONGGUAN WANGHONG TOYS & GIFTS CO., LTD., DONGGUAN WOODFIELD BABY PRODUCTS COMPANY LIMITED, DONGHAI WISE CRYSTAL JEWELRY CO., LTD., DONGYANG YOUGE TOY FACTORY(INDIVIDUAL BUSINESS), EASYLIVE COMMERCE (GUANGZHOU) CO., LTD., FUZHOU GULOU DISTRICT LUQI ELECTRONIC PRODUCTS FIRM, FUZHOU INTERNET STAR INFORMATION TECHNOLOGY CO., LTD., GBIGL OFFICIAL STORE, GUANGDONG CILY TECHNOLOGY CO., LTD., GUANGXI ORIENTAL BRIGHT TRADING CO., LTD., GUANGXI PEIROU TECHNOLOGY INFORMATION CO., LTD., GUANGZHOU BAOBAO MART TRENDY TOYS CULTURAL CREATIVITY CO., LTD., GUANGZHOU CITY HUANGPU DISTRICT TRANJIA TRADING FIRM (INDIVIDUAL BUSINESS), GUANGZHOU HOUJIANGXI TRADING CO., LTD., GUANGZHOU LABUBU CLOTHING MANUFACTURING CO., LTD., GUANGZHOU LABUBU TRADING CO., LTD., GUANGZHOU XINCHAO TOYS CO., LTD., GUANGZHOU XINHUI INTERNATIONAL TRADING CO., LTD., GUANGZHOU YINGSHUO TECHNOLOGY CO., LTD., GUANGZHOU YUDAREN CROSS BOARDER E-COMMERCE CO., LTD., HANGZHOU RUANLING CULTURE COMMUNICATION CO., LTD., HANGZHOU YIQU UNICORN CULTURE AND CREATIVITY CO., LTD, HEBEI XIONGAN ZANGFENG TRADING CO., LTD, HEFEI YISHUHUAKAI JEWELRY CO., LTD., HENAN LESHUO CRAFTS CO., LTD., HENAN QUEEN CARD INDUSTRIAL DEVELOPMENT CO., LTD., HENAN SUPER QUEEN GARMENT CO., LTD., HENAN YOKIDS GROUP, HIGH ENERGY SURPRISE BLIND BOX STORE, HK WILLOW LIMITED, HUIZHOU LINDA TOYS CO., LTD., JINHUA WANQUAN DAILY CHEMICAL CO., LTD., JOYLIT INTERNATIONAL LIMITED, JULI QICHUANG TRADING (SHENZHEN) CO., LTD., KUMIKO-SHOP STORE, KUMPA STORE, LABUBU SURPRISE BLIND BOX STORE, LIANJIANG COUNTY JINGJING BU JING

E-COMMERCE STORE( INDIVIDUAL BUSINESS),
NANJING TONGXINZHIRONG INTERNATIONAL
TRADE CO., LTD., ORIENT (SHENZHEN) TRADE
CO., LTD., PLUSH TOY (QINGDAO) CO., LTD.,
PUNING CITY CHIWEI HANGXIANGBIAO TOY
FIRM (INDIVIDUAL BUSINESS), QINGDAO UE
HOME DESIGN & PRODUCTS CO., LTD.,
QUANZHOU        LUOGANG        DISTRICT
SHUANGYANG SCREWED TONE DEPARTMENT
STORE(INDIVIDUAL BUSINESS), RONGCHENG
COUNTY ZHONGZHUO COMMERCIAL STORE,
SHANDONG SHINEYOU WOOD INDUSTRY CO.,
LTD., SHANGHAI BABAILI INFORMATION
TECHNOLOGY      CO.,    LTD.,    SHANTOU
CHAOYANG   DISTRICT   GUIYU   YASILIAN
KNITTING         UNDERWEAR        FACTORY
(INDIVIDUAL BUSINESS), SHANTOU CHENGHAI
PAITE TOYS CO., LTD., SHANTOU YUEQILI
TECHNOLOGY      CO.,    LTD.,    SHENZHEN
BANCHONG      TECHNOLOGY     CO.,    LTD.,
SHENZHEN BEISIKE TECHNOLOGY CO., LTD.,
SHENZHEN BLIND THINKING PAI TOYS CO.,
LTD., SHENZHEN BLUETENCE INDUSTRIAL CO.,
LTD, SHENZHEN BOUMATI TRADING CO., LTD.,
SHENZHEN CHENGXINYUN TECHNOLOGY CO.,
LTD.,       SHENZHEN       CHUANGZHISHENG
TECHNOLOGY CO., LTD., SHENZHEN CROSSING
LIGHT    BOAT    TECHNOLOGY    CO.,    LTD.,
SHENZHEN GUANCHENG TRADING CO., LTD.,
SHENZHEN HENGRUIHE CONSULTING SERVICE
CO., LTD., SHENZHEN HONGYI NEW ENERGY
TECHNOLOGY    CO.,    LTD,    SHENZHEN    IBRS
INDUSTRIES      CO.,    LTD.,     SHENZHEN
JIONGSHENG  INTERNATIONAL  TRADE  CO.,
LTD., SHENZHEN JOYFUN TECHNOLOGY CO.,
LIMITED, SHENZHEN LABUBU TOYS CO., LTD.,
SHENZHEN   LABUBU   TRADING   CO.,   LTD.,
SHENZHEN    LABUBU    TRADING    LIMITED
COMPANY, SHENZHEN LANXI TECHNOLOGY
CO., LTD., SHENZHEN LONGGANG DISTRICT
YIPENGDA   TRADING   FIRM   (INDIVIDUAL
BUSINESS),    SHENZHEN    MINGQUE    TIMES
INTERNATIONAL TRADE CO., LTD., SHENZHEN
MUMINGZHIYUE      CULTURE      CO.,    LTD.,
SHENZHEN NAUGHTY HILL TECHNOLOGY CO.,
LTD.,    SHENZHEN    NEWSTAR    ELECTRONIC

TECHNOLOGY CO., LTD., SHENZHEN PINSHENG DISPLAY TECHNOLOGY CO., LTD., SHENZHEN PINYU TECHNOLOGY CO., LTD., SHENZHEN PROMOTION GIFTS TRADING CO., LTD., SHENZHEN QIANQU INDUSTRIAL CO., LTD., SHENZHEN QINZHIXIN TECHNOLOGY CO., LTD., SHENZHEN RABBIT CAT TECHNOLOGY CO., LTD., SHENZHEN RNLYEE FASHION GARMENT CO.,LTD., SHENZHEN RUIKELAISI TECHNOLOGY CO., LTD., SHENZHEN SHENMAN TECHNOLOGY CO., LTD., SHENZHEN SHUOYANG CROSS-BORDER E-COMMERCE CO., LTD., SHENZHEN SKY LINK TECHNOLOGY CO., LTD., SHENZHEN STONEWAY TECHNOLOGY CO., LTD., SHENZHEN TUOYI ELECTRONIC COMMERCE CO., LTD., SHENZHEN WALKSTARS TECHNOLOGY CO., LTD., SHENZHEN WEISHICHANG TECHNOLOGY CO., LTD., SHENZHEN XINGHAOSHENG INTERNATIONAL TRADE CO., LTD., SHENZHEN XINGQIONG KUANGXIANG TECHNOLOGY CO., LTD., SHENZHEN XINHONGHAI PACKAGING MATERIALS CO., LTD., SHENZHEN XINHUIYI TECHNOLOGY CO., LTD., SHENZHEN YANDA TONGJI TRADING CO., LTD., SHENZHEN YAOMIAOXIN TECHNOLOGY CO., LTD., SHENZHEN YIHONG BO ELECTRONIC TECHNOLOGY CO,.LTD, SHENZHEN YIMEIJIA IMPORT AND EXPORT TRADING CO., LTD., SHENZHEN YIXINWANG GIFT CO., LTD., SHENZHEN YOUPULE TECHNOLOGY CO., LTD., SHENZHEN YUANYING E-COMMERCE CO., LTD., SHENZHEN YUN QI TECHNOLOGY CO., LTD., SHENZHEN ZEQIAN E-COMMERCE CO., LTD., SHENZHEN ZIYAN FASHION TECHNOLOGY CO., LTD., SHOP1104271587 STORE, SHOP1104816419 STORE, SHOP1104933173 STORE, SUNNYPEAK GLOBAL TRADING CO., LTD., SURPRISE CABIN TOYS STORE, TAIWAN HEN WEI COMPANY, TERRY TECHNOLOGIES(DALIAN)CO., LTD., THREE ANTS (HANGZHOU) SUPPLY CHAIN MANAGEMENT CO., LTD., TIANZHOU TIMES (HENAN) INTERNATIONAL TRADE CO., LTD., TINKER JUNCTION TOYS CO., LTD, ULTRAECOMAT (QINGDAO) CO., LTD.,

WEIZHIFAN NETWOK TECHNOLOGY (DONGGUAN) CO., LTD., WONDERVILLE INTERNATIONAL SUPPLY CHAIN MANAGEMENT (QINGDAO) CO., LTD., WUHAN BAIJIA SHIRUI TRADING CO., LTD., WUHAN JIANTU E-COMMERCE CO., LTD., WUXI CHAO XI CROSS-BORDER E-COMMERCE CO., LTD., XIAMEN OFUN TECHNOLOGY CO., LTD., XI'AN SIHANGDA INTERNATIONAL TRADE CO., LTD., XINGGUI (YIWU) TRADING CO., LTD., XINYU XUCAI TRADING CO., LTD., YANGZHOU MAIYOUTU CRAFTS CO., LTD., YIWU AILU CULTURE CREATIVITY STUDIO, YIWU ALTA INTERNATIONAL TRADE CO., LTD., YIWU ANCHUANG TRADE CO., LTD., YIWU BAIGE CRAFTS CO., LTD., YIWU BEIYU HOUSEHOLD PRODUCTS CO., LTD., YIWU BILAN CRAFTS CO., LTD., YIWU CITY AMI TOYS CO., LTD., YIWU DAIYINGSHI TRADING CO., LTD., YIWU DAYEZI JEWELRY CO., LTD., YIWU ECHO TRADE CO., LTD., YIWU FANGE E-COMMERCE FIRM, YIWU GENGRUI TRADING CO., LTD., YIWU HUAJING TRADING CO., LTD., YIWU HUANJI E-COMMERCE FIRM (INDIVIDUAL BUSINESS), YIWU JIMEN TOYS CO., LTD., YIWU JINGQIU TOYS CO., LTD., YIWU KERUI CLOTHING CO., LTD., YIWU KUBEI CULTURAL AND CREATIVE CO., LTD., YIWU LAJIE E-COMMERCE FIRM(INDIVIDUAL BUSINESS), YIWU LEYING BAGS CO., LTD., YIWU LILANG CRAFTS CO., LTD., YIWU LUCKY STAR CRAFTS CO., LTD., YIWU LUWEI TRADING FIRM, YIWU LUXI TRADING CO., LTD., YIWU PIXEL DAILY NECESSITIES CO., LTD., YIWU QINCHI LUGGAGE CO., LTD., YIWU QINGXU COSMETICS CO., LTD., YIWU QIXI TOYS CO., LTD., YIWU RONGCAN CRAFTS CO., LTD., YIWU RONGJI JEWELRY CO., LTD., YIWU RONGYUE TOYS CO., LTD., YIWU SILVER JEWELRY CO., LTD., YIWU WANGZONE E-COMMERCE FIRM, YIWU XINGQI IMPORT & EXPORT CO., LTD., YIWU XINGYI IMPORT AND EXPORT CO., LTD., YIWU XIONGXI E-COMMERCE FIRM (INDIVIDUAL BUSINESS), YIWU YIMU TRADING CO., LTD., YIWU YIXUAN TRADING CO., LTD., YIWU ZHAOKUO TRADING CO., LTD, YIWU

ZHENWAN E-COMMERCE CO., LTD., YULIN YUZHOU DISTRICT COLORFUL CLOTHING STORE, ZHEJIANG MULTISTAY INDUSTRY CO., LTD, ZHENGZHOU PLAYFUL CULTURE AND CREATIVITY CO., LTD., ZHENGZHOU QIMENG WANQU CROSS BORDER E-COMMERCE CO., LTD., ZHENGZHOU REFUSES TO DEFINE CULTURAL CREATIVITY CO., LTD., ZHENGZHOU XUANLANG INTELLIGENT TECHNOLOGY CO., LTD., ZHENGZHOU YAOZHONG NETWORK TECHNOLOGY CO., LTD., ZHENGZHOU YUHONG GUOCHUANG TRADING CO., LTD., ZHONGSHAN AUMETER TECHNOLOGY CO., LTD. and ZIZAIXING (SHENZHEN) TECHNOLOGY CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition |
|------|------------|
| **Plaintiffs or POP MART** | POP MART Americas Inc. ("POP MART Americas"), POP MART (Singapore) Holding Pte. Ltd. ("POP MART Singapore") and Beijing POP MART Cultural & Creative Co., Ltd. ("POP MART Beijing") |
| **Defendants** | Angel Toy Store Store, Anhui Bliss International Trade Co.,Ltd, Aurora Galaxy (shenzhen) Culture And Media Co., Ltd., Baoding Star Dream Garden Trading Co., Ltd., Beijing PDMTOY Trading Co., LTD., Changsha Speed Zebra E-Commerce Co., Ltd., Changzhou Conterce Gifts & Crafts Co., Ltd., Chongqing Kaleidoscope Technology Co., Ltd., Colorful Joy Castle Toy Store, Craze Toy Store, Deqing Winners Xinxin Trading Co., Ltd., Dongguan Chenmiao Electronics Co., Ltd., Dongguan Devllin Crafts Co., Ltd ., Dongguan Homi E-Commerce Co., Ltd., Dongguan Jiaen Technology Co., Ltd., Dongguan Moyu Toys Co., Ltd., Dongguan Wanghong Toys & Gifts Co., Ltd., Dongguan Woodfield Baby Products Company Limited, Donghai Wise Crystal Jewelry Co., Ltd., Dongyang Youge Toy Factory(Individual Business), Easylive Commerce (Guangzhou) Co., Ltd., Fuzhou Gulou District Luqi Electronic Products Firm, Fuzhou Internet Star Information Technology Co., Ltd., GBIGL Official Store, Guangdong Cily Technology Co., Ltd., Guangxi Oriental Bright Trading Co., Ltd., Guangxi Peirou Technology Information Co., Ltd., Guangzhou Baobao Mart Trendy Toys Cultural Creativity Co., Ltd., Guangzhou City Huangpu District Tranjia Trading Firm (individual Business), Guangzhou Houjiangxi Trading Co., Ltd., Guangzhou Labubu Clothing Manufacturing Co., Ltd., Guangzhou Labubu Trading Co., Ltd., Guangzhou Xinchao Toys Co., Ltd., Guangzhou Xinhui International Trading Co., Ltd., Guangzhou Yingshuo Technology Co., Ltd., Guangzhou Yudaren Cross Boarder E-Commerce Co., Ltd., Hangzhou Ruanling Culture Communication Co., Ltd., Hangzhou Yiqu Unicorn Culture And Creativity Co., Ltd, Hebei Xiongan Zangfeng Trading Co., Ltd., Hefei Yishuhuakai Jewelry Co., Ltd., Henan Leshuo Crafts Co., Ltd., Henan Queen Card Industrial Development Co., Ltd., Henan Super Queen Garment Co., Ltd., Henan Yokids Group, High Energy Surprise Blind Box Store, HK WILLOW LIMITED, Huizhou Linda Toys Co., Ltd., Jinhua Wanquan Daily Chemical Co., Ltd., Joylit International Limited, Juli Qichuang Trading (shenzhen) Co., Ltd., Kumiko-shop Store, KUMPA Store, Labubu Surprise Blind Box Store, Lianjiang County Jingjing Bu Jing E-Commerce Store( Individual Business), Nanjing Tongxinzhirong International Trade Co., Ltd., Orient (shenzhen) |

Trade Co., Ltd., Plush Toy (qingdao) Co., Ltd., Puning City Chiwei Hangxiangbiao Toy Firm (Individual Business), Qingdao Ue Home Design & Products Co., Ltd., Quanzhou Luogang District Shuangyang Screwed Tone Department Store(Individual Business), Rongcheng County Zhongzhuo Commercial Store, Shandong Shineyou Wood Industry Co., Ltd., Shanghai Babaili Information Technology Co., Ltd., Shantou Chaoyang District Guiyu Yasilian Knitting Underwear Factory (individual Business), Shantou Chenghai Paite Toys Co., Ltd., Shantou Yueqili Technology Co., Ltd., Shenzhen Banchong Technology Co., Ltd., Shenzhen Beisike Technology Co., Ltd., Shenzhen Blind Thinking Pai Toys Co., Ltd., Shenzhen Bluetence Industrial Co., Ltd, Shenzhen Boumati Trading Co., Ltd., Shenzhen Chengxinyun Technology Co., Ltd., Shenzhen Chuangzhisheng Technology Co., Ltd., Shenzhen Crossing Light Boat Technology Co., Ltd., Shenzhen Guancheng Trading Co., Ltd., Shenzhen Hengruihe Consulting Service Co., Ltd., Shenzhen Hongyi New Energy Technology Co., Ltd, Shenzhen Ibrs Industries Co., Ltd., Shenzhen Jiongsheng International Trade Co., Ltd., Shenzhen Joyfun Technology Co., Limited, Shenzhen Labubu Toys Co., Ltd., Shenzhen Labubu Trading Co., Ltd., Shenzhen Labubu Trading Limited Company, Shenzhen Lanxi Technology Co., Ltd., Shenzhen Longgang District Yipengda Trading Firm (individual Business), Shenzhen Mingque Times International Trade Co., Ltd., Shenzhen Mumingzhiyue Culture Co., Ltd., Shenzhen Naughty Hill Technology Co., Ltd., Shenzhen Newstar Electronic Technology Co., Ltd., Shenzhen Pinsheng Display Technology Co., Ltd., Shenzhen Pinyu Technology Co., Ltd., Shenzhen Promotion Gifts Trading Co., Ltd., Shenzhen Qianqu Industrial Co., Ltd., Shenzhen Qinzhixin Technology Co., Ltd., Shenzhen Rabbit Cat Technology Co., Ltd., Shenzhen Rnlyee Fashion Garment Co.,ltd., Shenzhen Ruikelaisi Technology Co., Ltd., Shenzhen Shenman Technology Co., Ltd., Shenzhen Shuoyang Cross-Border E-Commerce Co., Ltd., Shenzhen Sky Link Technology Co., Ltd., Shenzhen Stoneway Technology Co., Ltd., Shenzhen Tuoyi Electronic Commerce Co., Ltd., Shenzhen Walkstars Technology Co., Ltd., Shenzhen Weishichang Technology Co., Ltd., Shenzhen Xinghaosheng International Trade Co., Ltd., Shenzhen Xingqiong Kuangxiang Technology Co., Ltd., Shenzhen Xinhonghai Packaging Materials Co., Ltd., Shenzhen Xinhuiyi Technology Co., Ltd., Shenzhen Yanda Tongji Trading Co., Ltd., Shenzhen Yaomiaoxin Technology Co., Ltd., Shenzhen Yihong Bo Electronic Technology Co,.Ltd, Shenzhen Yimeijia Import And Export Trading Co., Ltd., Shenzhen Yixinwang Gift Co., Ltd., Shenzhen Youpule Technology Co., Ltd., Shenzhen Yuanying E-Commerce Co.,

Ltd., Shenzhen Yun Qi Technology Co., Ltd., Shenzhen Zeqian E-Commerce Co., Ltd., Shenzhen Ziyan Fashion Technology Co., Ltd., Shop1104271587 Store, Shop1104816419 Store, Shop1104933173 Store, SunnyPeak Global Trading Co., Ltd., Surprise Cabin Toys Store, Taiwan Hen Wei COMPANY, Terry Technologies(dalian)co., Ltd., Three Ants (hangzhou) Supply Chain Management Co., Ltd., Tianzhou Times (henan) International Trade Co., Ltd., Tinker Junction Toys Co., Ltd, Ultraecomat (qingdao) Co., Ltd., Weizhifan Netwok Technology (dongguan) Co., Ltd., Wonderville International Supply Chain Management (qingdao) Co., Ltd., Wuhan Baijia Shirui Trading Co., Ltd., Wuhan Jiantu E-Commerce Co., Ltd., Wuxi Chao Xi Cross-Border E-Commerce Co., Ltd., Xiamen Ofun Technology Co., Ltd., Xi'an Sihangda International Trade Co., Ltd., Xinggui (yiwu) Trading Co., Ltd., Xinyu Xucai Trading Co., Ltd., Yiwu Ailu Culture Creativity Studio, Yiwu Alta International Trade Co., Ltd., Yiwu Anchuang Trade Co., Ltd., Yiwu Baige Crafts Co., Ltd., Yiwu Beiyu Household Products Co., Ltd., Yiwu Bilan Crafts Co., Ltd., Yiwu City Ami Toys Co., Ltd., Yiwu Daiyingshi Trading Co., Ltd., Yiwu Dayezi Jewelry Co., Ltd., Yiwu Echo Trade Co., Ltd., Yiwu Fange E-Commerce Firm, Yiwu Gengrui Trading Co., Ltd., Yiwu Huajing Trading Co., Ltd., Yiwu Huanji E-Commerce Firm (individual Business), Yiwu Jimen Toys Co., Ltd., Yiwu Jingqiu Toys Co., Ltd., Yiwu Kerui Clothing Co., Ltd., Yiwu Kubei Cultural And Creative Co., Ltd., Yiwu Lajie E-Commerce Firm(Individual Business), Yiwu Leying Bags Co., Ltd., Yiwu Lilang Crafts Co., Ltd., Yiwu Lucky Star Crafts Co., Ltd., Yiwu Luwei Trading Firm, Yiwu Luxi Trading Co., Ltd., Yiwu Pixel Daily Necessities Co., Ltd., Yiwu Qinchi Luggage Co., Ltd., Yiwu Qingxu Cosmetics Co., Ltd., Yiwu Qixi Toys Co., Ltd., Yiwu Rongcan Crafts Co., Ltd., Yiwu Rongji Jewelry Co., Ltd., Yiwu Rongyue Toys Co., Ltd., Yiwu Silver Jewelry Co., Ltd., Yiwu Wangzone E-Commerce Firm, Yiwu Xingqi Import & Export Co., Ltd., Yiwu Xingyi Import And Export Co., Ltd., Yiwu Xiongxi E-Commerce Firm (individual Business), Yiwu Yimu Trading Co., Ltd., Yiwu Yixuan Trading Co., Ltd., Yiwu Zhaokuo Trading Co., Ltd, Yiwu Zhenwan E-Commerce Co., Ltd., Yulin Yuzhou District Colorful Clothing Store, Zhejiang Multistay Industry Co., Ltd, Zhengzhou Playful Culture And Creativity Co., Ltd., Zhengzhou Qimeng Wanqu Cross Border E-Commerce Co., Ltd., Zhengzhou Refuses To Define Cultural Creativity Co., Ltd., Zhengzhou Xuanlang Intelligent Technology Co., Ltd., Zhengzhou Yaozhong Network Technology Co., Ltd., Zhengzhou Yuhong Guochuang Trading Co., Ltd., Zhongshan Aumeter Technology Co., Ltd. and Zizaixing (Shenzhen) Technology Co., Ltd.

| Alibaba | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
|---|---|
| AliExpress | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| Epstein Drangel | Epstein Drangel LLP, counsel for Plaintiffs |
| New York Address | 244 Madison Ave, Suite 411, New York, New York 10016 |
| Complaint | Plaintiffs' Complaint |
| Application | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| Lin Dec. | Declaration of Fei Lin in Support of Plaintiffs' Application |
| Turitto Dec. | Declaration of Michael Turitto in Support of Plaintiffs' Application |
| LABUBU Products | Elf-like figures with mischievous looks that come in a variety of shapes, sizes, colors and styles, such as keychains, plush dolls, and accessories, originating from POP MART's collectible series, "THE MONSTERS" |
| LABUBU Registrations | U.S. Trademark Registration Nos.: 6,592,820 for " **POP MART** " for a variety of goods in Class 28; 7,839,156 for " THE MONSTERS " for a variety of goods in Class 28; and 7,839,144 for "LABUBU" for a variety of goods in Class 28 |
| LABUBU Application | U.S. Application No: 79/402,363 for "POP MART" for a variety of goods in Classes 14 and 25 |
| LABUBU Marks | The marks covered by the LABUBU Registrations and LABUBU |

| | Application |
|---|---|
| **LABUBU Works** | The works covered by the U.S. Copyright registrations listed in Exhibit D to the Complaint |
| **Counterfeit Products or Infringing Products** | Products bearing or used in connection with the LABUBU Marks and/or LABUBU Works, and/or products in packaging and/or containing labels bearing the LABUBU Marks and/or LABUBU Works, and/or bearing or used in connection with marks and/or artwork that are confusingly and/or substantially similar to the LABUBU Marks and/or LABABU Works, and/or products that are identical or confusingly similar to LABUBU Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) ("Alipay") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, make, use, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiffs having moved *ex parte* on August 12, 2025 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on August 12, 2025 ("TRO") which ordered Defendants to appear on August 22, 2025 at 10:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on August 14, 2025, the Court entered an Order rescheduling the Show Cause Hearing ("August 14, 2025 Order");

WHEREAS, on August 15, 2025, Plaintiffs wrote a letter to the Court requesting modification and extension of the TRO, including the date of the Show Cause Hearing;

WHEREAS, on August 15, 2025, the Court entered an Order granting Plaintiffs' request, adjourning the Show Cause Hearing to September 8, 2025 at 11:00 a.m. and extending the TRO through the new date of the Show Cause Hearing ("August 15, 2025 Order");

WHEREAS, on August 29, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, the August 14, 2025 Order, the August 15, 2025 Order and all papers filed in support of Plaintiffs' Application on each and every Defendant, except Defendants Yangzhou Maiyoutu Crafts Co., Ltd., Yiwu Kerui Clothing Co., Ltd. and Yiwu Huajing Trading Co., Ltd;

WHEREAS, on September 4, 2025, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application, the August 14, 2025 Order, the August 15, 2025 Order and all papers

1

filed in support of Plaintiffs' Application on Defendants Yiwu Kerui Clothing Co., Ltd. and Yiwu Huajing Trading Co., Ltd.;

WHEREAS, on September 8, 2025 at 11:00 a.m., Plaintiffs appeared at the Show Cause Hearing. However, none of the Defendants appeared.

## PRELIMINARY FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.      Plaintiffs are likely to prevail on their Lanham Act, Copyright Act and related common law claims at trial.

B.      As a result of Defendants' infringements, Plaintiffs, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries:

    a. Defendants have offered for sale and sold substandard Counterfeit Products in the United States that infringe the LABUBU Marks and/or LABUBU Works; and

    b. Plaintiffs have well-founded fears that more Counterfeit Products will appear in the United States marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiffs' reputation and goodwill; and that Plaintiffs may suffer loss of sales for the LABUBU Products.

C.      The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiffs, their business, the goodwill and reputation built up in and associated with the LABUBU Marks and/or LABUBU Works and to their reputation if the relief granted in the TRO is not continued through the pendency of this action.

D.      Public interest favors issuance of the preliminary injunction order in order to protect Plaintiffs' interests in and to their LABUBU Marks and/or LABUBU Works, and to protect the

public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as LABUBU Products.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the LABUBU Marks and/or LABUBU Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the LABUBU Marks and/or LABUBU Works;

      ii. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

      iii. directly or indirectly infringing in any manner Plaintiffs' LABUBU Marks and/or LABUBU Works;

      iv. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' LABUBU Marks and/or LABUBU Works to identify any goods or services not authorized by Plaintiffs;

v.  using Plaintiffs' LABUBU Marks and/or LABUBU Works and/or any other marks and/or artwork that are confusingly and/or substantially similar to the LABUBU Marks and/or LABUBU Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii.  effecting assignments or transfers, forming new entities or associations, or

4

creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii) above, 1(b)(i) and 1(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements are restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i. operation of Defendants' User Accounts and Defendants' Merchant

5

Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order; and

ii. instructing, aiding or abetting Defendants and/or any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) and 1(c)(i) above, including, without limitation, by providing services necessary for Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) within five (5) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall

provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. account numbers;

   ii. current account balances;

   iii. any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips,

cancelled checks and account statements; and

vi.    any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d)    Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of

Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the LABUBU Marks and/or LABUBU Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and/or constitute an infringement of the LABUBU Marks and/or LABUBU Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

a) delivery of: (i) PDF copies of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal

will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (iii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to us_ipr_tro_requests@alipay.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba and AliExpress will be able to download a PDF copy of this Order via electronic mail to IPR_USTRO@service.alibaba.com and IPR-USTRO@aliexpress.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to thirdpartyrequests@payoneer.com; and

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to trorequest@pingpongx.com.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $10,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _____ day of _____, 2025, at _____ .m.
New York, New York

_____
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE